UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS IAN NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05CV552MLM |
| ) | |
| JILL McGUIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Petitioner Nicholas Ian Nelson ("Petitioner") filed pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 9. Petitioner filed a Traverse and a Reply to Respondent's Response. Doc. 8; Doc. 11. Petitioner is incarcerated in the Tipton Correctional Center. Respondent Jill McGuire ("Respondent") as superintendent of that facility is the proper party Respondent. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). Doc. 10.

## BACKGROUND

On October 6, 2000, Petitioner pleaded guilty in the Superior Court of California to the following: (1) unlawful taking of a vehicle, a felony, in that on or about June 19, 2000, Petitioner unlawfully drove and took a 2000 E300 Mercedes Benz without the consent of the owner, and (2) receiving stolen property, a felony, in that on or about June 19, 2000, Petitioner did willingly and unlawfully buy, receive, conceal, sell, withhold, and aid in concealing, selling and withholding a 2000

E300 Mercedes Benz which had been stolen and obtained by extortion, knowing that said property had been stolen and obtained by extortion. Resp. Ex. A.

On February 8, 2001, Petitioner was charged by Indictment in the Circuit Court of St. Louis County as follows: stealing a motor vehicle, a Class C felony, in violation of Mo. Rev. Stat. § 570.030 in that between 6:00 a.m. and 10:30 p.m. on June 15, 2000, at 2621 North Ballas Road, in Town & Country, Missouri, Petitioner appropriated a 2000 Mercedes Benz, which property was in the possession of Ron A. Schacht, and Petitioner appropriated such property without the consent of Ron A. Schacht and with the purpose to deprive him thereof. Resp. Ex. A. On July 12, 2001, Petitioner pleaded guilty in the Circuit Court of St. Louis County to the aforementioned felony of stealing a motor vehicle. Upon accepting Petitioner's guilty plea, the court sentenced Petitioner to ten years in the custody of the Missouri Department of Corrections. Resp. Ex. A.

On about July 13, 2004, pursuant to Missouri Rule 91.01, Petitioner filed a petition for habeas corpus in the Circuit Court of Cooper County, Missouri. In this State habeas petition Petitioner alleged that the Missouri court did not have jurisdiction to convict him or impose sentence upon him for stealing a motor vehicle after Petitioner entered a guilty plea in California for stealing the same 2000 Mercedes Benz. Resp. Ex. A. In its response to this Rule 91 habeas petition the State argued that the offenses with which Petitioner was charged and to which he pleaded guilty in California and Missouri were different as they occurred on different dates; that the legal and factual basis of the offenses in California and Missouri were different; that, as such, Petitioner was not charged twice for the same conduct; and that, therefore, Petitioner's rights under the double jeopardy clause were not violated. Additionally, the State argued that upon pleading guilty in Missouri to stealing a motor vehicle on July 12, 2001, Petitioner failed to pursue post-conviction relief as provided by Missouri Rule 24.035. Resp. Ex. B.

2

On July 28, 2004, the Circuit Court of Cooper County denied Petitioner the relief sought in his Rule 91 State habeas petition and issued a Memorandum/Order/Entry which stated as follows:

> The court having considered arguments of counsel and written suggestions finds on the basis of [Heath] v. Alabama, 474 U.S. 82 that prosecution in both California and Missouri for a continuing offense across state lines does not constitute a double jeopardy violation of the U.S. Constitution, and further, that Defendant f[r]eely and voluntarily entered his plea in Missouri (subsequent to the California prosecution, plea and sentencing) failing to raise any issue of jurisdiction or to raise the issue herein at the time of his Missouri plea or in any subsequent post conviction proceedings, and the same is now waived.

Resp. Ex. C.

On about October 12, 2004, Petitioner filed a petition pursuant to Rule 91 with the Missouri appellate court in which he raised the same issue that he raised in his Rule 91 petition filed with the State circuit court. Resp. Ex. D. The State filed a Response. Resp. Ex. E. By Order dated November 1, 2004, the Missouri appellate court denied Petitioner's Rule 91 habeas petition without explanation. Resp. Ex. F.

On about November 19, 2004, Petitioner filed a Rule 91 habeas petition in the Missouri Supreme Court in which he repeated the allegations of his two previous Rule 91 habeas petitions. Resp. Ex. G. On December 21, 2004, the Missouri Supreme Court denied Petitioner's Rule 91 habeas petition without explanation. Resp. Ex. H.

On April 7, 2005, Petitioner filed his § 2254 Petition in which he raises the following issue: his conviction in Missouri was unconstitutional as it was obtained in violation of his right against double jeopardy. Doc. 1 at 6.

### EXHAUSTION AND PROCEDURAL DEFAULT LEGAL FRAMEWORK

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125

F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "'required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murry v. Carrier, 477 U.S. 478, 496 (1986); Schlup v. Delo, 513 U.S. 298 (1995)). A habeas petitioner who wishes to have a procedurally

defaulted claim considered on its merits "'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992 ) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316).

It has been held that "novel circumstances and arguments" may constitute cause for failing to excuse procedural default. "[T]he Supreme Court [has] recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." McKinnon v. Lockhart, 921 F.2d 830, 833 (8th Cir. 1990) (citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are 'no currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit

held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court."

In Duncan v. Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to fully consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455 U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." (citing Rose, 455 U.S. at 515-516; Darr, 339 U.S. at 204). The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. 533 U.S. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

Missouri Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition and specifically states that it "applies in all particulars not provided for by the foregoing provisions." Where a criminal defendant fails to timely bring a claim

pursuant to state appellate or post-conviction procedure, there is authority that an issue unknown or not reasonably discoverable to the inmate during the period in which he could have file for relief under these procedures can provide the basis for habeas corpus relief under Rule 91. Brown v. Gammon, 947 S.W.2d 437, 440 (Mo. Ct. App. 1997) (citing Merriweather v. Grandison, 904 S.W.2d 485, 489 (Mo. Ct. App.1995); Walls v. Delo, 755 F. Supp. 873, 875 (E.D. Mo. 1991)).

Also, under Missouri law "relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." Covey v. Moore, 72 S.W.3d 204, 209 (Mo. App. 2002) (quoting Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc)). In Brown v. State, 66 S.W.3d 721, 726 (Mo. 2002) (en banc), the Missouri Supreme Court adopted the "cause and prejudice" standard for determining when a habeas petition is procedurally barred. See Covey, 72 S.W.3d at 210. The Missouri Supreme Court stated in Brown that "habeas corpus . . . provides the proper avenue for relief in those limited circumstances in which the petitioner asserts a claim that is of the type" which is properly raised through post-conviction relief proceedings, but that is time-barred under applicable rules, "if the petitioner can met the 'cause and prejudice' standard set out in State ex rel. Nixon v. Jaynes, [63 S.W.3d 210 (Mo. 2001) (en banc)]." 66 S.W.3d at 723. See also Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993) ("Habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.") (emphasis in original). Thus, a Missouri defendant who fails to file a direct appeal or a State post-conviction relief motion procedurally defaults claims that his conviction and/or sentence were in violation of the Constitution. See id. ("This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and for post-conviction review of certain constitutional

7

protections pursuant to Rules 29.15 and 24.035. ... [H]abeas corpus, however, was [not] designed for duplicative and unending challenges to the finality of a judgment.").

## DISCUSSION

Respondent argues that Petitioner has procedurally defaulted the double jeopardy issue which he raises in his § 2254 Petition. Petitioner argues in his Reply that he was unaware of his double jeopardy argument until he discussed his case with an attorney in May 2004 and that he could not have filed a direct appeal because he pleaded guilty. In Petitioner's case, however, as held by the State circuit court, upon his pleading guilty and being sentenced by the Missouri trial court Petitioner could have filed a motion pursuant to Missouri Rule 24.035[1] for post-conviction relief alleging that his conviction and sentence violated his right against double jeopardy. He failed to do so. Rather, he raised this issue pursuant to Rule 91.

As noted by the Eighth Circuit in Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996), a "Rule 91 petition 'may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.'" (quoting State ex rel. Simmons v. White, 866

---

[1] Missouri Rule 24.035 provides:

(a) Nature of Remedy--Rules of Civil Procedure Apply. A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable.

S.W.2d 443, 446 (Mo. 1993) (en banc) (emphasis in original). Also, "newly discovered evidence can be basis for Rule 91 petition." Id. (citing Wilson v. State, 813 S.W.2d 833, 834-35 (Mo. 1991) (en banc)).

Where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ of habeas corpus which state petition is filed improperly pursuant to Missouri law. Id. The Eighth Circuit has explained as follows that:

> Byrd v. Delo, 942 F.2d 1226 (8th Cir.1991), ... involv[ed] the Missouri Supreme Court's summary denial of a Rule 91 habeas petition with the same language as used in this case. We stated, "[a]fter Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ], there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue," because such a denial rests on the Missouri procedural rule that Rule 91 cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief. Byrd, 942 F.2d at 1232. Both before and after Simmons, we have consistently followed Byrd 's rule regarding unexplained denials of Rule 91 petitions. See Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir.1996); Charron v. Gammon, 69 F.3d 851, 857 (8th Cir.1995), cert. denied, 518 U.S. 1009, 116 S.Ct. 2533, 135 L.Ed.2d 1056 (1996); Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir.1994); Battle v. Delo, 19 F.3d 1547, 1561 (8th Cir.1994) (subsequent history omitted); Blair v. Armontrout, 976 F.2d 1130, 1136 (8th Cir.1992), cert. denied, 508 U.S. 916, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993).

Id. See also Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995) (holding that a federal court cannot consider claims which a state prisoner has procedurally defaulted in state court absent a showing of actual innocence or cause and prejudice).

Because Petitioner procedurally defaulted the issue which he raises in his § 2254 Petition pursuant to Missouri law, his filing a Rule 91 habeas petition did not preserve this issue for purposes of § 2254. Preston, 100 F.3d at 600.

The Circuit Court of Cooper County denied Petitioner's Rule 91 habeas petition based both on the United States Constitution, citing Heath v. Alabama, 474 U.S. 82 (1985), and on State procedural grounds, noting that Petitioner failed to raise the pertinent issues at the time he entered his plea or in subsequent State post-conviction relief proceedings. The Missouri appellate court denied Petitioner's subsequently filed Rule 91 habeas petition without comment other than to say it did so "after fully considering" the Suggestions in Opposition to the Petition to the Writ of Habeas Corpus filed by the Respondent. Likewise, the Missouri Supreme Court denied Petitioner's Rule 91 habeas petition without comment. When dismissing a claim based on procedural default, a state court "may make reference to a federal claim without opening the door to habeas review." Taylor v. Norris, 401 F.3d 883, 866 (8th Cir. 2005). The door to federal habeas review is not opened where the state court "sets forth in a clear and plain statement that it decision rests on state law grounds, and as long as those grounds are adequate and independent of federal claims." Id. Therefore, to the extent that the State courts considered the substantive merits of Petitioner's claim of double jeopardy, the door to federal review was not opened for Petitioner despite his procedural default in State court. See id.

Additionally, Petitioner has not established cause or prejudice to excuse his procedural default. See Dretke, 541 U.S. at 388-89. Petitioner does not allege actual innocence. See Sweet, 125 F.3d at 1152. In regard to his claim that he did not learn of his alleged double jeopardy argument until 2004, this claim is not so novel as to constitute cause for failing to raise it earlier. See McKinnon, 921 F.2d at 833. The court finds, therefore, that Petitioner has procedurally defaulted the issue which he raises in his § 2254 Petition and that, therefore, it should be dismissed in its entirety.[2]

---

[2] Respondent also correctly argues that Petitioner's § 2254 Petition is time-barred as it was filed in excess of the 1-year statute of limitations applicable to § 2254. See § 2254(d)(1) and (2). Petitioner pleaded guilty and was sentenced on July 12, 2001. He did not file his § 2254

Alternatively, the court notes that the offenses with which Petitioner was charged and to which he pleaded guilty in California and Missouri occurred on different dates. Hence, they are arguably different offenses even if they were part of the same course of conduct. See Health, 474 U.S. at 87 ("Successive prosecutions are barred by the Fifth Amendment only if the two offenses for which the defendant is prosecuted are the 'same' for double jeopardy purposes."). Even if the offenses for which Petitioner was convicted in California and Missouri are identical, "two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different" states. Id. at 88. As such, even if this court were to consider the issue raised by Petitioner in his § 2254 Petition on its merits, the court would find that the decision of the State circuit court is not contrary to federal law, that it is a reasonable application of federal law, and that the State court reasonably applied federal law to the facts of Petitioner's case. See Williams v. Taylor, 529 U.S. 362 (2000).

**CONCLUSION**

For the reasons stated above, the court finds that Petitioner has procedurally defaulted the issue which he raises in his § 2254 Petition. In the alternative, the court finds that the issue raised by Petitioner is without merit. As such, Petitioner's § 2254 petition for habeas relief is denied in its entirety.

The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a

---

Petition until April 7, 2005. As provided by Missouri law Petitioner did not file a Rule 25.035 motion. The Rule 91 habeas petitions filed by Petitioner were not properly filed applications for State post-conviction relief or other collateral review and, as such, did not toll the statute of limitations. See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003), cert. denied, 540 U.S. 971 (2003).

11

constitutional right, Petitioner will not be granted a certificate of appealability in this matter. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, in its entirety [ Doc. 1];

**IT IS FURTHER ORDERED** that a separate judgement will be entered this same date;

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Petitioner for a certificate of Appealability will be **DENIED**.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of November, 2005.